UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NANCY L. HAMPTON,**

    **Plaintiff,**

v.                                                                                    CASE NO. 8:06-CV-340-T-EAJ

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security Administration,**[1]

    **Defendant.**
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, Sections 405(g) and 1383( c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the administrative record, and the pleadings and memoranda submitted by the parties in this case.[2]

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405 (g). Substantial evidence is "such relevant evidence

---

[1] On February 1, 2007, Michael J. Astrue became the Commissioner of Social Security. Therefore, pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Michael J. Astrue should be substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Dkt. 13).

as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).[3]    If the Commissioner committed an error of law, the case must be remanded to the Commissioner for application of the correct legal standard.  See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff filed her application for DIB and SSI on December 11, 2002, with an alleged onset of disability of February 17, 2002.  (T 43-46, 285)  Plaintiff claims disability due to degenerative disc disease in the lumbar spine, degenerative joint disease in the bilateral hips, hypertension, diabetes mellitus with neuropathy, obesity, depression and anxiety.  (T 53, 75, 95-98)  Plaintiff was fifty-five years old at the time of the hearing with an eleventh grade education.  (T 44, 49, 306)  Her past work experience was as a house supervisor and secretary.  (T 54, 67) The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged onset of disability.  (T 13)

Plaintiff's application was denied on July 16, 2003 (T 31) and was denied on reconsideration. (T 36) A hearing was held before the ALJ on July 27, 2005. (T 306) The ALJ issued his decision

---

[3] Decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.  Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1209 (11th Cir. 1981).

on August 11, 2005 that Plaintiff was not disabled within the meaning of the Social Security Act. (T 18)

In the decision denying benefits, the ALJ found that Plaintiff has degenerative disc disease in the lumbar spine, degenerative joint disease in the bilateral hips, hypertension, diabetes mellitus with neuropathy, and obesity. (T 13) The ALJ determined that the above impairments are severe, "but not 'severe' enough to meet or medically equal, either singly or in combination to one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4." (T 14) In reaching her conclusion that Plaintiff was not under a "disability," the ALJ determined that Plaintiff's testimony was not fully credible. (T 16) The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform light exertional activity.[4] Specifically, the ALJ found that Plaintiff retained the RFC for light work provided she has a sit-stand option, does no more than occasional postural changes, avoids using the left lower extremity for repetitive movements and is limited to occasional to frequent, but not constant, use of the hands for grasping and handling. (T 16) The vocational expert ("VE") testified that Plaintiff could perform her past work as a house supervisor or secretary. (T 17) Assuming Plaintiff were not able to return to any of her past relevant work, the VE identified several semi-skilled occupations in the sedentary exertional category that Plaintiff could perform: receptionist, credit authorizer, general office clerk and administrative clerk. (T 17)

---

[4] Light work, defined at 20 C.F.R. §§ 404.1567(b), 416.967(b), involves the lifting of not more than twenty pounds occasionally with frequent lifting and carrying of objects weighing up to ten pounds. The regulations further provide: "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b), 416.967(b).

The medical evidence has been summarized in the decision of the ALJ and will not be repeated here except as necessary to address the issues presented.

**II.**

Plaintiff alleges the Commissioner erred in (1) not finding Plaintiff's depression to be a severe mental impairment; (2) not giving proper weight to the opinions of Plaintiff's treating physicians; (3) not giving proper weight to the side effects of medication suffered by Plaintiff; and (4) not properly evaluating Plaintiff's credibility. (Dkt. 18)

**A.** Citing the opinion of Gerald Hodan, Ph.D. ("Dr. Hodan"), Plaintiff contends that the ALJ erred in finding no severe mental impairment. (Dkt. 18 at 13-14)  After a consultative examination on June 2, 2003, Dr. Hodan opined that Plaintiff's Global Assessment of Functioning ("GAF") score was 60. (T 211)  Dr. Hodan's diagnosis was "Major Depressive Disorder, single episode, continuous, without associated psychotic features." (Id.)  He also found no severe impairments in attention, concentration, or memory functions needed for job related tasks but predicted that problems would emerge because of Plaintiff's "depressed mood compromising her stress tolerance and the speed with which she will be able to complete her work assignments."  (T 210) While also opining that Plaintiff might appear "somewhat withdrawn to others from time to time, causing difficulties in sustaining smooth relationships," Dr. Hodan concluded that Plaintiff's mood would improve "if she were employed doing something that she was capable of performing adequately, in spite of her reported physical health problems." (Id.)

Social Security regulations provide a general definition of a "severe" impairment:

> You must have a severe impairment. If you do not have any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not

>disabled. . . .

20 C.F.R. § 416.920( c). An impairment is "not severe" only if it is a slight abnormality (or combination of slight abnormalities) that has no more than a minimal effect on the individual's ability to do basic work activities, irrespective of age, education or work experience. Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). However, a diagnosis or mere showing of "a deviation from purely medical standards of bodily perfection or normality" is insufficient to establish a severe impairment. McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986).

The ALJ's decision discussed Dr. Hodan's findings including the GAF score of 60. (T 14) However, the ALJ found Dr. Hodan's examination to be within normal limits generally. In addition to the GAF score, the ALJ remarked that Plaintiff's IQ was average and Plaintiff had good concentration. (Id.) She therefore found Plaintiff's mood disorder to be non-severe. (Id.)[5]

Other than the mild limitations noted by Dr. Hodan, no other medical evidence supports any work-related mental restrictions for Plaintiff. GAF scores alone do not correlate to work-related limitations. See e.g. Wind v. Barnhart, 133 Fed. App'x. 684, 692 n. 5 (11th Cir. 2005)(a GAF score, is not considered to be in direct correlation to the severity requirements for disability claims and thus not endorsed for use in the Social Security and SSI disability programs). As the Commissioner's memorandum of law observes, at most a GAF score is a "snapshot" of Plaintiff's symptoms at the time of the evaluation. Moreover, resolving conflicts in the evidence is reserved for the Commissioner and the reviewing court cannot reweigh the evidence as long as it meets the substantial evidence test. There is substantial evidence to support the ALJ's finding of no severe

---

[5] The ALJ made the same non-severity findings as to Plaintiff's neck pain. (Id.)

mental impairment.[6]

**B.**     Plaintiff challenges the ALJ's conclusion that Plaintiff suffers from "deconditioning" which causes her symptoms rather than her impairments. (Dkt. 18 at 9-11) Plaintiff states this conclusion is unsupported by the medical evidence..

The Commissioner responds that the ALJ did not diagnose deconditioning but merely cited that as one reason in assessing Plaintiff's credibility.

In evaluating Plaintiff's credibility, the ALJ summarized the medical records in light of Plaintiff's testimony and concluded that: "The claimant appears to be deconditioned and her symptoms are the result of this deconditioning and not of the identified impairments. The claimant's current weight loss should improve her level of functioning."  (T 16)

Plaintiff cites a dictionary definition of deconditioning as a "loss of physical fitness." (Dkt. 18 at 10)  No medical record appears to use this term to describe Plaintiff's symptoms.  The ALJ does not specifically point to any record evidence or  testimony to support the comment that Plaintiff's symptoms were the result of deconditioning and not her impairments.[7]

It is not the province of the ALJ to substitute her medical opinion for the medical opinions of treating physician.  <u>Graham v. Bowen</u>, 786 F.2d 1113, 1115 (11th Cir. 1986) (citations omitted) (holding that the Commissioner substituted his opinion for that of the medical expert when he determined the plaintiff appeared somewhat handicapped); <u>Freeman v. Schweiker</u>, 681 F.2d 727,

---

[6] Further, the state agency medical consultants found no severe mental impairments. (T 212-15; 259-72)

[7] Likewise, although Plaintiff's treating physician, Jose A. Perez-Arce, M.D. ("Dr. Perez-Arce") recommended that Plaintiff lose weight, there is no evidence that Dr. Perez-Arce determined that weight loss would improve Plaintiff's level of functioning or help alleviate her conditions.  (T 15-16, 143, 160, 162)

6

731 (11th Cir. 1982) (finding that the Commissioner improperly determined the claimant's condition based on his own observations of the claimant's physical condition). In concluding that Plaintiff's symptoms were the result of deconditioning, the ALJ appeared to make her own independent medical findings regarding the cause of Plaintiff's symptoms. If there is medical evidence in the record to support such a finding, the Commissioner needs to specifically identify that evidence. Also, the Commissioner needs to describe what is meant by "deconditioning." Without additional fact-finding at the administrative level, this court is unable to determine whether substantial evidence support's the ALJ's finding which was critical to the decision reached. Accordingly, a remand is required on this issue.

**C.** Plaintiff alleges that the ALJ failed to take into account the side effects of her medications. (Dkt. 18 at 6-9). Plaintiff also contends that the ALJ failed to adequately evaluate Plaintiff's credibility, including her subjective complaints of pain. Because these issues are intertwined with the ALJ's finding that Plaintiff's symptoms are caused by "deconditioning,," further review is inappropriate because the record needs to be supplemented.

If remand is required on some of the issues raised in the case, it may be unnecessary to review other objections to the ALJ's conclusion. See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991). Accordingly, it is unnecessary to address these arguments. .

The court expresses no view as to what the result should be on remand.

## **Conclusion**

Accordingly and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner is **REVERSED** and the case is **REMANDED** for further proceedings and consideration consistent with the foregoing; and

(2) The Clerk of Court is directed to enter final judgment pursuant to 42 U.S.C. § 405(g) as this

is a "sentence four remand." Shalala v. Schaefer, 509 U.S. 292, 302-03 (1993); Newsome v. Shalala, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida on this 27th day of September, 2007.

*[signature]*

ELIZABETH A JENKINS
United States Magistrate Judge